**MARINE OFFICERS ASSOCIATION, Teamsters Local Union No. 54, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a labor organization, Appellant,**

v.

**TWIN CITY BARGE AND TOWING CO., a corporation, Appellee.**

**No. 82–1456.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1983.

Decided March 2, 1983.

Earl B. Wilburn, Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., Ernest I. Reveal, Robins, Zelle, Larson & Kaplan, St. Paul, Minn., for appellant.

David R. Hols, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, Minn., for appellee.

Before BRIGHT, ARNOLD and JOHN R. GIBSON, Circuit Judges.

BRIGHT, Circuit Judge.

Marine Officers Association[1] (Union) filed this action against the Twin City

---

1. Marine Officers Association, Teamsters Local Union No. 54, affiliated with the International

Barge and Towing Company (Company), alleging breach of contract. The Union claimed that the Company's curtailment of its tugboat operation and the chartering and leasing of those vessels to others for the performance of work, formerly performed by union members, constituted a violation of the subcontracting clause of the parties' collective bargaining agreement. Following a nonjury trial, the district court [2] found in favor of the Company, and the Union appeals. We affirm.

## I. *Background.*

Twin City Barge is a corporation engaged in the transportation of cargoes and related activities in the inland waterways and in the Great Lakes. During the fiscal year 1976, Twin City Barge suffered financial losses in its St. Paul, Minnesota, harbor towing operation. During that same year, Twin City Barge engaged in labor negotiations with the Union. These negotiations culminated in a 1976 labor agreement whereby Twin City Barge agreed to a substantial wage increase for the union members employed by the Company. Additionally, this labor agreement provided in pertinent part:

The parties further recognize that economic circumstances may result in changes in or curtailment of boat operations and that the company may make such changes or curtail operations. However, a change or curtailment which is not due to economic circumstances, but which is intended to avoid the undertakings of this Agreement shall not be made by the Company during the terms of this Agreement.

Faced with the losses of 1976, and the prospect of even greater losses in 1977, Twin City Barge, in early 1977, made a determination to cease doing business in the St. Paul harbor area. Twin City Barge notified its employees regarding this determination on or about March 14, 1977. Twin City Barge then began chartering or leasing its motor vessels which, up to that time, had been utilized by the Company in its harbor towing operations, to various companies and individuals.

On September 14, 1978, the Union filed a complaint in federal district court, alleging that Twin City Barge breached its labor agreement with the Union. Specifically, the Union alleged that Twin City's curtailment of its St. Paul towing operation was designed to avoid the obligations under the 1976 agreement.

Following a three-day trial, the district court found for Twin City Barge. The court held that the persons or companies who bought or chartered the motor vessels from Twin City Barge after March 14, 1977, had no ownership, management, agents, or employees in common with Twin City Barge. The court found that Twin City Barge had no claim on any revenue of these persons or companies. Additionally, the district court found that Twin City's curtailment of its St. Paul harbor towing operations and its sale and chartering of its motor vessels were motivated by economic circumstances and not intended to avoid the undertakings of the agreement between the parties. The court therefore concluded that Twin City Barge had not breached its contract with the Union.

## II. *Discussion.*

The Union urges on appeal that the district court erred in holding that the Company's curtailment of its St. Paul harbor towing operations and the sale and chartering of its motor vessels were motivated by economic circumstances and were not intended to avoid the undertakings of the labor agreement. We disagree. The district court found that Twin City Barge had suffered "severe financial losses" in its St. Paul harbor operations during 1976. Moreover, the district court found that the 1976 labor agreement required Twin City Barge to pay substantial wage increases to the

Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

2. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Union. The Union does not dispute these findings on appeal. We therefore hold the district court did not err in determining that economic circumstances caused the curtailment of Twin City Barge's St. Paul harbor operations. Moreover, we note that the situation here is unlike those situations where companies employ sham devices to avoid undertakings of their labor agreements. *See, e.g., Glendora Plumbing*, 65 LRRM 1228 (1967).

In addition, the Union contends that the court's finding adverse to the Union's position rests upon a misconstruction of the agreement. The Union urges that the phrase "economic circumstances" in the agreement contemplates adverse economic conditions arising outside the requirements of the labor agreement. Thus, according to the Union, the employer cannot rely on economic loss resulting from the labor agreement itself as a basis for curtailment of boat operations. The record discloses no basis to read the term "economic circumstances" to exclude high wage rates paid pursuant to contracts which produce operating costs in excess of operating revenues. Here, Twin City Barge's evidence disclosed that it incurred mounting losses from its boat operations making necessary the change in operations. Thus, in our view, the district court did not misconstrue the terms of the labor contract here in question.

The Union also argues that the district court erred in concluding that the persons and companies who bought or chartered motor vessels from Twin City Barge after March 14, 1977, had no management in common with the Company. Our review of the record reveals substantial evidence to support the district court's findings. We therefore hold that the district court's holding in this regard was not clearly erroneous.

Accordingly, we affirm.